IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA M. CLEMENTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-739 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of July, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on July 27, 2006, alleging a disability onset date of February 1, 2005, due to bipolar disorder, anxiety, and migraines. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on February 6, 2009, at which plaintiff, represented by counsel, appeared and testified. On May 28, 2009, the ALJ issued a decision finding that plaintiff is not disabled. On March 29, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 29 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). She has a high school education and a medical assistant degree from community college. Plaintiff has past relevant work experience as a call center worker, home health aide, data entry clerk and newspaper carrier, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ

concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of bipolar disorder, anxiety disorder, migraine headaches and allergies, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. (R. 374-76).

The ALJ also found that plaintiff retains the residual functional capacity to perform work at the medium exertional level but with no more than one-to-two step instructions and tasks, no more than occasional interaction with supervisors, co-workers and the general public and requires no rapid production quotas. (R. 15). A vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including kitchen helper and warehouse laborer. Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but

cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff alleges that: (1) the ALJ erred at step 3 by finding that plaintiff's mental disorders do not meet the criteria of Listings 12.04 and 12.06; and, (2) the ALJ improperly evaluated plaintiff's subjective complaints. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's mental impairments (Listings 12.04 and 12.06) and adequately explained why plaintiff's impairments, alone or in combination, do not meet or equal the severity of those listed impairments. (R. 14-15); see Burnett, 220 F.3d at 120, n.2. In particular, the ALJ found only mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation. (R. 14-15). Because the Listings require marked restrictions or difficulties in at least two of those areas, and there is no evidence that the "C" criteria are satisfied, the ALJ found that plaintiff does not meet or equal any of the listed impairments.

The ALJ's step 3 finding is supported by substantial evidence. The ALJ's finding is consistent with the state agency reviewer's rating of functional limitations, (R. 346), and is not inconsistent with the findings of either consultative psychologist, Dr. Rosenfield or Dr. Detore, neither of whom suggested that plaintiff has marked limitations in any of the functional areas necessary to satisfy the B criteria of the Listings. (R. 320-326 & 389-395).[2] The court agrees with the ALJ that plaintiff has failed to meet her burden of presenting any medical findings showing that her mental impairments, alone or in combination, meet or equal Listings 12.04 and 12.06, or any other listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

In addition, as explained by the ALJ, marked restrictions in any of the requisite functional areas necessary to satisfy the B criteria of Listings 12.04 and 12.06 are belied by the other evidence of record, as outlined by the ALJ in his decision. (R 14-15). The court has reviewed the record and is satisfied that the ALJ's step 3 analysis and findings are supported by substantial evidence.

---

[2] To the extent Dr. Detore noted marked restrictions in plaintiff's ability to respond to work pressures or changes (R. 389) and Dr. Rosenfield indicated marked difficulties in understanding, remembering and carrying out detailed instructions, the ALJ accommodated such difficulties in these more specific areas at step 5 in his residual functional capacity finding by limiting plaintiff to work requiring no more than one-to-two step instructions and tasks, no more than occasional interaction with supervisors, co-workers and the general public and requires no rapid production quotas. (R. 15).

The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations. 20 C.F.R. §§404.1529(c) and 416.929(c); see also SSR 96-7p. In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record, and concluded that plaintiff's subjective complaints regarding the intensity, persistence and limiting effects of her symptoms were not credible to the extent they are inconsistent with the ALJ's residual functional capacity finding. (R. 16). This finding is supported by substantial evidence.

The ALJ did a thorough job in his decision explaining why plaintiff's subjective complaints were only partially credible. Briefly, the ALJ first noted that plaintiff's complaints of debilitating limitations were not consistent with the fact that she actually was working, albeit not to an earnings level that would constitute substantial gainful activity, during the entire time period of her alleged disability. (R. 16). He further noted that plaintiff's treatment history for her mental impairments was sporadic and that she failed to follow through with treatment, even though the medical record, as well as her own statements, indicated improvement in her symptoms when she was on medication. (Id.); see 20 C.F.R. §§404.1529(c)(3)(iv) and 416.929(c)(3)(iv) (ALJ may consider effectiveness of medication in determining intensity, persistence and limiting effects of symptoms).

The ALJ also pointed out that plaintiff's allegations of totally disabling symptoms were inconsistent with her activities of daily living, which included raising three children on her own, as well as performing household chores, cooking, shopping and driving. Finally, the ALJ noted that the medical evidence of record failed to support plaintiff's allegations of totally disabling symptoms. (R. 16-17).

To the extent plaintiff's allegations of limitations arising from her mental impairments are supported by the medical evidence and other evidence of record, the ALJ accommodated those limitations in his residual functional capacity finding. To the extent they were not so supported, he found them to be not credible. The ALJ's evaluation of plaintiff's credibility is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Jessica L. Rafferty, Esq.
    QuatriniRafferty, P.C.
    550 E. Pittsburgh Street
    Greensburg, PA 15601

    Lee Karl
    Assistant United States Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219